IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMAL HILL, #M27660,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00345-JPG |
| | ) |
| **UNKNOWN PARTY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jamal Hill is currently incarcerated at the Shawnee Correctional Center in Vienna, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Hill has filed an action pursuant to 42 U.S.C. § 1983 against the Chairman of the Illinois Prisoner Review Board, who the Court has dubbed an Unknown Party in the caption because Hill does not yet know his name. (*Id.*) Hill claims that the Chairman failed to provide him with a fair parole revocation hearing prior to the revocation of eight months of good time, as Hill was not permitted to "present documentary evidence" or "get witness testimony" at the hearing. (*Id.* at 7.) Hill further alleges that the revocation of his parole has exposed Hill to "discriminatory policies" and unsanitary conditions at Shawnee. (*Id.* at 7-8.) Hill seeks only monetary damages – specifically "compensatory damages in the amount of $100,000" and "punitive damages in the amount of $50,000." (*Id.* at 9.)

This matter is now before the Court for a preliminary review of Hill's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

It is unclear whether Hill is bringing a claim against the Chairman in his official or individual capacity.  The gist of Hill's complaint is that the Chairman deprived Hill of a fair revocation hearing when the Chairman did not allow Hill to present evidence at the hearing, and Hill seeks monetary damages, including punitive damages, against the Chairman for that conduct.  (Doc. 1 at 7-9.)  While Hill vaguely references discriminatory prison policies in his complaint, he only alleges incidental exposure to those policies due to the failure of the Chairman to provide him with a fair parole hearing, which contributed to Hill's re-incarceration.  Moreover, Hill does not suggest that the Chairman carried out those prison policies, and he does not seek any injunctive relief.  Given Hill's allegations and his request for punitive damages, the Court will construe Hill's claim as one against the Chairman in his individual capacity.  *See*, *e.g.*, *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000) ("[W]here the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity."); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (noting that a "request for punitive damages suggests an intent to sue the officers in their individual capacities"); *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991) (ruling that a suit for punitive damages that focused on a defendant's actions should be classified as an individual suit, as there was no policy identified by the plaintiff that was "carried out by" the defendant).

Hill's individual capacity claim against the Chairman for damages must be dismissed on absolute immunity grounds.  Prisoner review board members enjoy absolute immunity from damages suits concerning decisions "to grant, deny, or revoke parole." *Walrath v. United States*,

35 F.3d 277, 281 (7th Cir. 1994). Moreover, board members are entitled to absolute immunity for activities that are "inexorably connected with the execution of parole revocation procedures and are analogous to judicial action," *Trotter v. Klincar*, 748 F.2d 1177, 1182 (7th Cir. 1984), meaning that "not only the actual decision to revoke parole" is protected by immunity, but also those activities by board members "that are part and parcel of the decision process," *Thompson v. Duke*, 882 F.2d 1180, 1184 (7th Cir. 1989). The activities Hill targets in this case – namely the Chairman's decision to stop Hill from presenting documentary evidence or offering witness testimony – fall squarely within the types of activities safeguarded by absolute immunity. *See Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir. 1996) ("[T]he board members merit absolute immunity for their failure to provide [the prisoner] with an opportunity to present evidence and witnesses."). Due to the Chairman's absolute immunity, Hill's individual capacity claim against the Chairman is dismissed with prejudice. *See Koorsen v. Dolehanty*, 401 F. App'x 119, 120 (7th Cir. 2010) (dismissal on absolute immunity grounds is "with prejudice").

One closing note is in order concerning some wandering allegations in Hill's complaint regarding the conditions at Shawnee. Hill alleges that, due to the Chairman's decision to revoke his parole, he "is being subjected to discriminatory policies, practices, and rules" at Shawnee "with the intentions and purposes of treating black prisoners different than white prisoners." (Doc. 1 at 7.) He also states that he is being subjected to "backed up sewer drains in living areas" and is being "denied basic cleaning tools and supplies from officials to sanitize his living quarters." (*Id.* at 8.) Hill only names the Chairman in his complaint, and the only link he alleges between the Chairman and these policies and conditions is that the Chairman did not allow Hill to present evidence or witnesses at his revocation hearing, which led to his current confinement. (*See id.* at 7.) As the Court explained above, the Chairman is immune from suit for parole

revocation decisions.  Concerning other parties who might be involved in these prison-related allegations, Hill does not name any other officials at Shawnee in his complaint.  While Hill cannot amend his complaint in this case to bring an action against Shawnee officials concerning the policies or conditions at the prison,[1] the dismissal of this suit against the Chairman does not preclude Hill from bringing a separate action against officials at Shawnee concerning prison policies or conditions.  The Court expresses no view as to the merits of such a suit.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's § 1983 complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 2) is **DENIED** as moot in light of the Court's instant order.

**IT IS FURTHER ORDERED** that the **CLERK** is directed to close this case.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; thus, the full filing fee remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).  Payment will be collected pursuant to 28 U.S.C. § 1915(b) and *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).

Plaintiff is further **ADVISED** that, if he wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R.

---

[1] While plaintiffs may bring multiple claims against a single party in one suit, plaintiffs may not bring unrelated claims against different defendants in the same suit: those unrelated claims "belong in different suits, not only to prevent the sort of morass that [multiple claim, multiple defendant suits] produce[], but also to ensure that prisoners pay the required filing fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Here, any claim against prison officials linked to policies or conditions at Shawnee would be unrelated to the instant claim against the Chairman concerning the Chairman's conduct at Hill's revocation hearing.  *See id.* ("[C]laim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be non-meritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED: April 22, 2015**

*s/J. Phil Gilbert*
**United States District Judge**